UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

STRIKE 3 HOLDINGS, LLC,

      Plaintiff,

Case No. 18-cv-13658
Hon. Matthew F. Leitman

v.

JOHN DOE, SUBSCRIBER ASSIGNED
IP ADDRESS 99.182.196.159,

      Defendant.

_____/

## ORDER REQUIRING PLAINTIFF TO FILE SUPPLEMENTAL BRIEF

Plaintiff Strike 3 Holdings, LLC "is the owner of award winning, critically acclaimed adult motion pictures." (Compl. at ¶2, ECF #1 at Pg. ID 1.) In this action, Strike 3 alleges that the Defendant "copied and distributed constituent elements of [its movies] using the BitTorrent protocol" in violation of Strike 3's copyrights. (*Id.* at ¶37, Pg. ID 9.)

Currently, Strike 3 can only identify the Defendant by his or her internet protocol or "IP" address. But Strike 3 insists that Defendant's internet service provider, AT&T Inc., "can identify [the] Defendant." (*Id.* at ¶5, Pg. ID 2.) Accordingly, Strike 3 has filed a motion in which it asks the Court to allow it to serve a subpoena upon AT&T Inc. in order to obtain the identity of the Defendant.

(*See* Mot., ECF #3.) "Without this information," Strike 3 insists, it "cannot serve Defendant nor pursue this lawsuit and protect its copyrights." (*Id.* at Pg. ID 40.)

The United States District Court for the District of Columbia recently denied a nearly-identical motion seeking to serve a subpoena on an internet service provider in *Strike 3 Holdings, LLC v. John Doe*, 2018 WL 6027046 (D.D.C. Nov. 18, 2018). In *Strike 3*, the district court found that Strike 3 was not entitled to subpoena the defendant's internet service provider because, among other things, "[Strike 3's] discovery request lack[ed] sufficient specificity and [did] not overcome [the] defendant's privacy expectation." *Id.* at *2 (citing *Arista Records, LLC v. Doe 3*, 604 F.3d 110, 119 (2d Cir. 2010)). The court further cast doubt on whether the response to Strike 3's discovery request could identify "th[e] defendant [who] actually did the infringing." *Id.* As the court explained:

> Strike 3 could not withstand a 12(b)(6) motion in this case without resorting to far more intensive discovery machinations sufficiently establishing [that the] defendant did the infringing—examining physical evidence (at least the computers, smartphones, and tablets of anyone in the owner's house, as well as any neighbor or houseguest who shared the Internet), and perhaps even interrogatories, document requests, or depositions. Strike 3's requested subpoena thus will not—and may never—identify a defendant who could be sued.

*Id.*

Before the Court rules on Strike 3's pending motion to serve a third-party subpoena in this case, it would benefit from Strike 3's response to the analysis and

cited authorities included within the District of Columbia District Court's memorandum opinion discussed above. Accordingly, Strike 3 shall file a supplemental brief addressing those topics by no later than **December 11, 2018**. In addition, Strike 3 shall also identify in its supplemental brief any relevant differences, if any, between the legal standards referenced and applied in the District of Columbia District Court's decision and those that apply in the Sixth Circuit.

**IT IS SO ORDERED**.

s/Matthew F. Leitman
MATTHEW F. LEITMAN
Dated: November 27, 2018　　　　　UNITED STATES DISTRICT JUDGE

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on November 27, 2018, by electronic means and/or ordinary mail.

s/Holly A. Monda
Case Manager
(810) 341-9764

3